IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:14-cr-64 |
| v. | ) |
| | ) |
| KENYATTA ROBINSON, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(c)(1) OR FOR NEW TRIAL UNDER RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (ECF No. 85) filed by counsel on behalf of Defendant, Kenyatta Robinson. The Court notes that counsel for Defendant has also filed a motion to withdraw, which the Court has taken under advisement pending the status conference to be held on July 7, 2015. The Government has filed a response in opposition to Defendant's motion (ECF No. 89). Accordingly the motion is ripe for disposition.

**I.     Background**

On March 11, 2014, a grand jury returned a two-count indictment against Defendant, which charged him in Count One with possession with intent to distribute 280 grams or more of crack, and in Count Two with possession with intent to distribute less than 500 grams of powder cocaine, on November 1, 2013. On September 4, 2014, Defendant filed a motion to suppress the evidence seized from the Chevy Tahoe he was driving on the date of his arrest. After conducting an evidentiary hearing, the Court denied Defendant's motion by Memorandum Opinion and Order dated March 17, 2015 (ECF No. 66). Thereafter, Defendant, in the presence of counsel and after having been advised of his constitutional right to a trial by jury, formally consented to proceeding to a non-jury trial (ECF No. 75). Subsequently, Defendant's original trial counsel

1

was permitted to withdraw from his representation, and new counsel was appointed from the Criminal Justice Act panel. On April 30, 2015, the Court held a status conference with Defendant and his new counsel, at which counsel requested that the Court conduct another colloquy in open Court to again formally advise Defendant of his right to trial by jury vis a vis proceeding to a non-jury trial before the Court. The Court obliged, and during the colloquy, Defendant, with the advice of counsel, indicated that he understood the nature of his rights and voluntarily reaffirmed his decision to proceed to a non-jury trial.

Defendant's non-jury trial was conducted on June 2, 2015. The Court heard testimony from Pittsburgh Police Detective Sean Rattigan, Pittsburgh Police Officers Joseph McAleer and Edward A. Fallert, and Pennsylvania State Trooper Michael Warfield on behalf of the Government. At the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal, which the Court summarily denied. That being the case, Defendant presented the testimony of his retained private investigator Ron Getner and citizens/neighbors Malika Harrison, Harry Goodwin, Marsteal Johnson, Angel Allen, and Donald McCune. Defendant also testified on his own behalf. Following the close of evidence, the Court heard closing arguments from counsel, with counsel for Defendant raising essentially the same arguments advanced in the pending motion. Following the arguments, the Court took the matter under advisement. Although given the opportunity, neither party requested that the Court make "specific findings of fact" under Rule 23(c). On June 3, 2015, the Court issued its verdict, finding Defendant guilty upon proof beyond a reasonable doubt of both Counts of the indictment (ECF No. 83).

## II.     Legal Standards

Rule 29 of the Federal Rules of Criminal Procedure provides that a court may enter a judgment of acquittal of any offense for which the evidence is "insufficient to sustain a

conviction." In applying this standard, the court must view the evidence in the light most favorable to the Government to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "This standard remains the same despite the fact that this was a non-jury trial." *United States v. Stubler*, No. 4:06CR00225, 2006 WL 3043073, at *2 (M.D. Pa. Oct. 24, 2006) *aff'd*, 271 F. App'x 169 (3d Cir. 2008) (citation omitted).

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir.2002). However, the Court can order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *Id.* Accordingly, "[m]otions for a new trial based on the weight of the evidence are not favored. Such motions are to be granted sparingly and only in exceptional cases." *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003) (internal quotation marks omitted).

## III. Discussion

Defendant's motion for judgment of acquittal or for a new trial boils down to an attack on the credibility of some of the Government's law enforcement witnesses. In essence, Defendant argues that the Court should have credited the testimony of some of his witnesses on certain issues over the testimony of the Government's witnesses. For its part, the Government argues that neither the standard for granting a judgment of acquittal nor the standard for granting a new trial has been met inasmuch as the Court has already implicitly rejected the credibility arguments

raised in Defendant's motion by finding him guilty. The Court agrees with the Government.

As an initial matter, the Government's evidence was clearly sufficient to support a finding of guilt beyond a reasonable doubt. To convict Defendant of possession with intent to distribute crack and/or powder cocaine, the Court was required to find that he (1) possessed a mixture or substance containing a controlled substance, (2) knowingly or intentionally, (3) with the intent to distribute it, and (4) that the controlled substance was crack and/or powder cocaine. Third Circuit Model Criminal Jury Instruction 6.21.841A. There was a significant abundance of evidence as to each of these elements of the crimes as established through the credible testimony of the Government's witnesses.

To summarize the key points of that evidence: On November 1, 2013, there was an outstanding warrant for Defendant's arrest on a parole violation. As part of his investigation into Defendant's whereabouts, Rattigan observed Defendant drive from his mother's residence on Lemington Avenue to Laporte Street and then back to Lemington Avenue, where Rattigan observed him lean across the front seat of the Chevy Tahoe and place a whitish colored bag into his right front pants pocket. This was no incredible feat from Rattigan's vantage point, as this Court previously noted in denying Defendant's suppression motion. *See United States v. Robinson*, No. 2:14-CR-64, 2015 WL 1221395, at *6 n.3 (W.D. Pa. Mar. 17, 2015). Afterwards, upon Rattigan's report of Defendant's whereabouts, members of the fugitive task force arrived on the scene and took Defendant into custody. A search incident to his arrest revealed a large sum of cash and a vacuum-sealed bag containing a white powdery residue, which was field-tested and determined to be cocaine. That led to the search of the Tahoe, during which more drugs were found: crack and powder cocaine in the amount alleged in the indictment and as Defendant had stipulated at trial. Since Defendant had just exited the Tahoe and had left his

wallet, among other belongings, inside the vehicle, one could reasonably infer that he had knowingly possessed the drugs found therein. Furthermore, according to the testimony of Trooper Warfield, the drugs were packaged in such a way that they were not intended for personal use. They were clearly meant for distribution. All of this evidence, viewed in the light most favorable to the Government, leads to only one conclusion: that Defendant is guilty of the crimes charged.

Even if the Court were to accept that there were inconsistences in the testimony of the various witnesses, such would not call the Court's ultimate conclusion into question. All of the testimony of the witnesses presented on behalf of Defendant – upon which Defendant relies to create these purported inconsistencies – related to ancillary matters. Put simply, it didn't matter whether Rattigan could see Defendant exit the house and enter the Tahoe when he first started his surveillance. It didn't matter whether the windows were up or down. And it didn't matter whether Defendant was on the porch or in the yard or whether the blinds were up or whether McAleer actually saw four men sitting on the porch when he arrived to arrest Defendant. None of this changed the fact that the police had a warrant for Defendant's arrest and he was found with a bag containing cocaine residue on his person and crack and powder cocaine were found during the lawful search of the Tahoe. Thus none of Defendant's testimony and evidence was sufficient to create a reasonable doubt as to his culpability for the crimes at issue.

### III. Conclusion

For the foregoing reasons, Defendant has not established that the Government's evidence was insufficient to sustain his conviction under the circumstances. *See* Fed. R. Crim. P. 29(c). Nor has he established that the Court committed a miscarriage of justice in having found him guilty. *See* Fed. R. Crim. P. 33. Accordingly, his motion is **DENIED**. It is **SO ORDERED**, this

5

30th day of June, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Troy Rivetti, AUSA**
Email: Troy.Rivetti@usdoj.gov

**Amy L. Johnston, AUSA**
Email: amy.johnston2@usdoj.gov

**James J. Brink, Esq.**
Email: jbrink@jamesbrinklaw.com